2127880902



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**Afsaan Saleem**
*Senior Counsel*
Tel.: (212) 788-9580
Fax: (212) 788-9776

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 1 2 2008

June 11, 2008

BY FAX
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
Fax: (212) 805-6304

Re: Billie Ann Miller, et. al. v. The City of New York, et. al.,
08 CV 4577 (PAC) (DFE)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and am the assigned attorney for the City of New York ("City") in this case. I am writing to respectfully request a 60 day enlargement of time, from today, June 11, 2008 to August 11, 2008 within which the City may answer or otherwise respond to the complaint. This is defendant's first request for an enlargement of time in this action. Plaintiff, through her attorney, Emery Celli Brinckerhoff & Abady, LLP, has only consented to a 30 day enlargement.

We seek this enlargement for several reasons. First of all, in this case, plaintiff, as administratrix for the estate of her son, alleges that on or about May 17, 2007, he was beaten and assaulted to death by Department of Correction ("DOC") employees. In light of this very serious allegation, we are in the process of ascertaining the results of any investigation conducted by DOC.

Another reason is that before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. To this end, defendant will need to obtain releases from plaintiff to access the underlying arrest and criminal court records regarding this action. The enlargement of time will therefore afford us the opportunity to investigate the matter.

**MEMO ENDORSED**

A third reason why the 60 day enlargement is needed is because in addition to the City, plaintiff has named 12 DOC employees.[1]  Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been properly served.  If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the DOC officers and employees. The employees must then decide whether they wish to be represented by this office.  If so, we must obtain their written authorization.  Only after this procedure has been followed can we determine how to proceed in this case.  See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendants' time to answer the complaint until August 11, 2008.

Thank you for your consideration in this regard.

Sincerely,

Afsaan Saleem
Senior Counsel

cc:   Jonathan S. Abady
Kennisha A. Austin
Emery Celli Brinckerhoff & Abady, LLP
(212) 763-5001

Jonathan S. Chasan
Mary Lynne Werlwas
Legal Aid Society
Prisoners' Rights Project
(212) 509-8433

*The defendants' time to answer is extended to August 11, 2008

SO ORDERED: 6-12-08

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

---

[1] According to the docket sheet and a conversation with plaintiff's counsel, almost all of the defendants allegedly have been served, save a couple of officers who may have retired.  Without appearing on their behalf or making any representations with respect to service I also respectfully request that all of the defendants' time to answer or otherwise respond to the complaint also be extended until August 11, 2008.

2