# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
MARIANN MEIER WANG
SARAH NETBURN
KATHERINE ROSENFELD
O. ANDREW F. WILSON
ELIZABETH SAYLOR
KENNISHA AUSTIN
DEBBIE GREENBERGER
ELORA MUKHERJEE

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 12 2008

June 12, 2008

*By Facsimile*

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

[Handwritten: June 12, 2008 — The objection is overruled and the City's request for an extension of time is granted. So ordered. Paul Crotty J.S.D.J.]

Re: *Miller v. City of New York, et al.* 08-Civ-4577 (PAC) (DFE)

Dear Judge Crotty:

This firm, together with the Legal Aid Society, represents the estate of decedent Patrick Miller – who died in the custody of the New York City Department of Correction from blunt force trauma injuries sustained in a "use of force" by correction officers on May 17, 2007 – and his mother, plaintiff Billie Miller, the administratrix of Mr. Miller's estate, in the above-captioned case. We write in opposition to defendants' request for a sixty-day extension of time to answer or otherwise respond to the Complaint – an answer which was due yesterday for some of the defendants, including the City of New York. We would, however, consent to a more limited, thirty-day extension, until July 11, 2008, for both the City New York and the individual defendants to answer the Complaint.

Our firm and the Legal Aid Society litigate many correction officer misconduct cases against the City – and in virtually every case, the City requests a sixty-day extension. Given that the Federal Rules require litigants to respond to complaints within twenty days, it is not clear why the City should routinely receive four times as much time as all other litigants to respond. The Federal Rules, judicial economy, and the plaintiff's interest in the speedy and efficient resolution of her claims all militate against creating a *de facto* municipality exception to the Federal Rules. The thirty-day extension granted by plaintiff to defendants here – giving them fifty days to respond – is more than adequate. *See Cuadrado v. City of New York, et al.*, 07 Civ. 1447 (S.D.N.Y. Mar. 23, 2007) (attached hereto as Exhibit A) (order denying Corporation Counsel's requests for a sixty-day enlargement of time to answer the complaint and instead, granting the thirty-day extension agreed to by plaintiff).

-1-

EMERY CELLI BRINCKERHOFF & ABADY LLP

       The City tries to justify its request for a two-month delay on the grounds that it needs to (i) conduct further factual inquiry; (ii) determine if other defendants have been served; and then (iii) resolve representation issues. But nothing in this Complaint separates this case from any other where a defendant must answer allegations to the best of its knowledge in the time allotted by the Federal Rules. *See Jadamec v. City of New York, et al.*, 08 Civ. 2032 (E.D.N.Y. June 6, 2008) (attached hereto as Exhibit B) (order denying Corporation Counsel's request for a sixty-day extension of time to answer the complaint and instead, limiting the extension to the fourteen days consented to by plaintiff and noting that "I wholly agree with [plaintiff] that the tasks the City's counsel describes are not unusual or particularly onerous, and certainly do not outweigh [plaintiff's] interest in the speedy and efficient resolution of her claims."). The City has not established that they cannot complete the factual inquiry they wish to conduct or resolve any issues regarding representation in the additional thirty days consented to by plaintiff. *See id.*

       Accordingly, plaintiff respectfully requests that the Court grant defendants no more than a thirty-day extension to respond to the Complaint. Thank you for your consideration.

Respectfully Submitted,

*/s/ Kennisha A. Austin*

Kennisha A. Austin (KA 1269)
Jonathan S. Abady (JSA 5147)


cc:   ***By Fax***
      Afsaan Saleem, Esq.
      Assistant Corporation Counsel
      212.788.9776 (fax)

     ***By Email***
      Jonathan Chasan, Esq.
      Mary Lynne Werlwas, Esq.
      The Legal Aid Society

# Exhibit A

DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3/26/07



THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

David M. Pollack
*Attorney Special Federal Litigation Division*
Tel.: (212) 788-1894
Fax: (212) 788-9776

March 21, 2007

By Facsimile Transmission
(212) 805-7901
Honorable Harold Baer, Jr.
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Raymond Cuadrado v. City of New York, et al.</u>, 07 CV 1447 (HB)

Dear Judge Baer:

      I am an Attorney in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of Defendant City of New York. I am writing to respectfully request a sixty-day enlargement of time from March 21, 2007 to May 21, 2007, within which this office may answer or otherwise respond to the complaint. Andrew Wilson, Esq. of Emery Celli Brinkerhoff & Abady, counsel for plaintiff, has consented to a thirty day enlargement of our time to answer. This is the City's first request for an enlargement of time in this action.

      The complaint alleges, *inter alia*, that plaintiff was subjected to assault/excessive force. In addition to the City of New York, plaintiff purports to name Correction Officers Newerls, Edwards, Pierre and Wright as defendants, as well as other unknown John/Jane Does. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

      Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served.[1] If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case,

---

[1] Although this Office does not currently represent Correction Officers Newerls, Edwards, Pierre and Wright, and assuming they are properly served, this Office also respectfully requests this extension on their behalf in order that their defenses are not jeopardized while representational issues are being decided.

whether we may represent the individually named defendants. The individually named defendants must then decide whether they wish to be represented by this office If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until May 21, 2007.

Respectfully submitted,

David M. Pollack (DMP 3873)
Attorney Special Federal Litigation Division

cc: By Facsimile Transmission
(212) 763-5001
Andrew Wilson, Esq.
Emery Celli, Brinkerhoff & Abady, LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10022

*I think it hard for the last decide should [illegible] [illegible] views + the arguments for this Sun and it's commended (if you need to comm talk you need more [illegible] can talk again — April 2, 2007*

SO ORDERED
Harold Baer, Jr., U.S.D.J.
Date: 3/23/07

Endorsement:

    I think and have for the last decade shared with Wilson's view and the adjournment is granted for thirty days and if you can (if you need to) convince me you need more we can talk again - April 21, 2007.

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LYNN JADAMEC,

              Plaintiff,

   - against -

THE CITY OF NEW YORK, et al.,
              Defendants.
----------------------------------------X

**ORDER**

CV 08-2032 (DLI) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

    Defendant the City of New York ("City") seeks a sixty day extension of the date by which it must answer or otherwise respond to the complaint in this civil rights action. *See* Docket Entry ("DE") 4; DE 1 ("Complaint"). Plaintiff Lynn Jadamec ("Jadamec") opposes the request, but is willing to consent to a fourteen-day extension for both the City and the yet-to-be-served individual defendants, New York City Police Officers Polson and Reiver. *See* DE 5. For the reasons set forth below, based solely on that consent, I grant the motion in part as to the City only (and not as to any other named defendant who has not sought such relief).[1] The City must answer or otherwise respond to the Complaint by June 25, 2008. To the extent the City sought a longer delay, its motion is denied.

    The rationale behind the City's request is that its counsel needs additional time to investigate the allegations set forth in the Complaint, in accordance with Federal Rule of Civil Procedure 11. As part of that investigation, counsel notes that she must procure two releases from Jadamec: the first pursuant to New York Criminal Procedure Law § 160.50 for the police records documenting Jadamec's arrest, and the second for any medical records concerning

---

[1] Jadamec's willingness to extend until June 25, 2008, the response deadline for defendants who have not yet been served process is meaningless. If those defendants have still not received the complaint, they cannot be required to respond sooner than June 25, 2008, in any event.

treatment that Jadamec may have received as a result of that arrest and the officers' alleged use of excessive force in affecting it. Counsel further claims that the extension will allow her office sufficient time to decide whether it will represent officers Polson and Reiver. DE 4 at 1-2.

To be sure, counsel must make a reasonable inquiry into the allegations of the Complaint before the City answers it, but nothing in the record compels the conclusion that such an inquiry cannot take place by the deadline to which Jadamec consents. I wholly agree with Jadamec that the tasks the City's counsel describes are not unusual or particularly onerous, and certainly do not outweigh Rodriguez's interest in the speedy and efficient resolution of her claims. See DE 5. Moreover, according Jadamec, there are no medical records relevant to the instant action and the City therefore need not obtain any consent from Jadamec before filing its answer. See DE 5.

The City's desire to unseal records related to Jadamec's arrest is understandable and entirely legitimate. I therefore order that no later than June 13, 2008, the City's counsel must provide to Jadamec for execution a release pursuant to N.Y.C.P.L. § 160.50 with respect to the arrest at issue in the litigation; I further order that Jadamec must execute the release no later than June 20, 2008. If the City is in a position to incorporate into its Answer the information gleaned from the records thereby released, it will do so; if it is not, it is free to seek leave to amend its Answer once it has obtained such information.

**SO ORDERED.**

Dated: Brooklyn, New York
June 6, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

2