THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Afsaan Saleem
*Senior Counsel*
Tel.: (212) 788-9580
Fax: (212) 788-9776

June 25, 2008

BY FAX
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
Fax: (212) 805-6304

**MEMO ENDORSED**

*The matter is stayed on the City's request, as to which plaintiff does not object. The parties are to submit a report every 120 days as to the status of the criminal investigation.*

SO ORDERED: 7-9-08

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

Re: <u>Billie Ann Miller, et. al. v. The City of New York, et. al.</u>,
08 CV 4577 (PAC) (DFE)

Your Honor:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and attorney for defendants the City of New York ("City"). I am writing to respectfully request a stay of this civil matter, pending the conclusion of the investigations, and all potential criminal actions that may arise out of this incident, that are currently being conducted by the Manhattan District Attorney's Office and the New York City Department of Investigation. I have conferred with plaintiff's counsel, regarding this request, but they do not consent to this application.

    The complaint alleges, inter alia, that plaintiff, was allegedly beaten to death by several members of the Department of Correction ("DOC") while at Bellevue Hospital. In addition to the City, plaintiff also purports to name 12 other individuals as defendants in this action. The reason the City is asking for a stay is that there is an ongoing criminal investigation regarding the incident. Because of the investigation, no documents can be released until the investigation is concluded. As such, the Corporation Counsel's office will not be furnished with any of the underlying documents which will allow it to ascertain what occurred during this incident. In addition, the Corporation Counsel's office, without any documents and with the criminal investigation still underway, will not be able to make any decisions as to the representation of the

individually named defendants.[1] As there may be issues in the pending criminal investigations that may directly effect this case, the City of New York respectfully requests that the Court stay this matter, in its entirety, pending the final disposition of all investigations and/or criminal proceedings.

It is well established that a Court is empowered with "discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." *United States v. Kordel*, 397 U.S. 1, 12 n.27, (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 92D Cir. 1986)(citing *SEC v. Dresser Indust., Inc.*, 202 U.S. App. D.C. 345, 628 F.2d 1368, 1375 (D.C. Cir. 1980)(en banc), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L. Ed. 2d 289 (9180). Indeed, "it is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." *Estes-El v. Long Island Jewish Medical Center*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995). Moreover, Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. *Dresser*, 628 F.2d at 1375.

In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the criminal case, including whether the defendant has been indicted; 3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice caused by the delay; 4) the private interests of the defendants and the burden that proceeding with the civil action would impose on them; 5) the public interest; and 6) the interests of the Court in the efficient management of cases. *Parker v. Dawson*, 2007 U.S. Dist. LEXIS 63068, at *11, 2007 WL 2462677, at *3 (E.D.N.Y. 2007) (Bianco, J.); *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993).

**Overlap of the Issues**

Plaintiff claims, among other things, that the named defendants beat the plaintiff to death. In this instance, as the alleged wrongful conduct in the criminal and civil actions are identical, the Court should find that the results and outcome of the criminal investigation and/or trial would definitely affect the civil case.

The Corporation Counsel does not have any information or details as to the pending criminal investigation because it is still being investigated. As a result, this office is not in possession of a single document that pertains to the incident. In the civil matter, the City of New York and/or the individually named defendants are being accused of assault, battery, wrongful death, negligent hiring and retention, negligence, as well as Section 1983 violations. The instant case focuses on the circumstances surrounding the plaintiff's death, which is presumably the focus of the criminal investigation. Because the instant action and the criminal matter arise from the same underlying event, any evidence from the criminal action concerning the actions taken

---

[1] By Memo-Endorsed Order dated June 12, 2008, the time for all defendants to answer the Complaint was extended to August 11, 2008.

by any of the individual defendants and/or other DOC employees would naturally affect the City's as well as the individual defendants' liability in the present case.

**Status of the Criminal Case**

In *United States of America v. The Leasehold Interests in 118 Avenue D*, 754 F. Supp. 282 (E.D.N.Y. 1990), the court granted the Government's motion for a stay of the civil forfeiture proceeding pending the resolution of a related federal criminal prosecution, because, among other reasons, the Government made a particular showing of potential harm or prejudice to the related criminal trial in the event discovery requests were complied with. Similarly, in *Agran*, the City defendant moved for a stay pending the civil action. The court granted the stay because compliance with the plaintiff's discovery requests would have potentially prejudiced the District Attorney's prosecution of the criminal proceedings.

Here, if the civil case against the City continues while there is an ongoing criminal matter, the defendant City of New York will be prejudiced in that the City will not be able gather relevant discovery (documents and interrogatory responses) from the defendants and most importantly will be hindered in attempting to gather relevant, fact specific, information from any of the individual defendants by way of deposition, interview or other discovery tool available at the City's disposal.

Moreover, the defendant City of New York will be prejudiced absent a stay of the civil matter as it must make a representational determination in regards to the individually named defendants. General Municipal Law Section 50-k(2) provides that the City shall provide for the defense of an employee in any civil action "arising out of any alleged act or omission which the Corporation Counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred."

Given that plaintiff's primary claims in this action are for assault, battery, wrongful death, negligent hiring and retention and negligence, the pendency of the criminal case favors a stay because the overall outcome of this matter would affect our decision as to whether Corporation Counsel would represent any of the individually named defendants. Presently, several of the defendants have requested representation by Corporation Counsel. However, the criminal disposition would weigh significantly as to whether pursuant to 50-k(2), this office could potentially represent them in the civil case.

Hence the resolution of the criminal investigation and/or case will be determinative of City's defenses in this action and whether this office may represent the individually named defendants. See *Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65(2d Cir. 1985) quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)(decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

**The Private and Public Interests**

As stated above, the City will suffer undue prejudice absent a stay of this civil proceeding. First, pursuant to the City's obligations under General Municipal Law 50-k, the

outcome of the criminal proceeding against the employees is critical and crucial to the City's inherent obligations of providing representation to its employees. The outcome of the criminal proceeding will provide a determinative set of factors that will influence the City's representational obligations pursuant to the General Municipal Law. Without a stay of the civil case and the outcome of the criminal matter, the City is prejudiced as to its position in regards to it obligation to examine representational issues regarding its employees.

Second, the stay of the civil matter is necessary as the City and plaintiff will be prejudiced if not provided with full access to the individually named defendants, their records, testimony and other non-privileged documentation. Records and documents, without explanation, can only hinder the discovery of evidence relevant and necessary to the case. As such, documents alone, without the necessary explanation will hinder the fact finding process and potentially negatively effect defendant City's ability to defend itself in the civil action.

Third, a stay would promote efficiency and avoid duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action. In addition, the public's interest is also served by preserving the integrity of the criminal case. *See In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989).

Considering these various interests at stake, a stay of the civil action is warranted.

**The Interests of the Court and The Public Interest**

Judicial efficiency and the desire to conserve judicial resources also favor a stay. That is, the "resolution of the criminal case may increase prospects for the settlement of the civil case...[d]ue to differences in the standards of proof between civil suits and criminal prosecutions" which may result in the criminal disposition having "a collateral estoppel or res judicata effect on some or all of the overlapping issues." *Parker*, 2007 U.S. Dist. LEXIS 63068 at *24-25.

Moreover, a stay in this action pending resolution of the criminal matter serves both the interests of the Court and the public. A stay would promote efficiency and avoid duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action. In addition, the public interest is served by permitting the criminal case to go forward first since the New York County District Attorney's Office is charged with protecting the public interest. A stay of the § 1983 civil matter will not cause serious harm to any public interest, because any purported public interest is being served in the criminal action. *Parker*, 2007 U.S. Dist. LEXIS 63068 at *26.

While the entry of a stay is, of course, a matter for the Court's discretion, we respectfully submit that balance of the factors outlined above warrants such action in the case at bar. As such, defendant City of New York respectfully requests a stay of this matter, pending the disposition of the criminal investigation and any underlying criminal cases that result.

I thank the Court for its time and consideration of this request.

Sincerely,

Afsaan Saleem
Senior Counsel

cc:   Jonathan S. Abady
      Kennisha A. Austin
      Emery Celli Brinckerhoff & Abady, LLP
      (212) 763-5001

      Jonathan S. Chasan
      Mary Lynne Werlwas
      Legal Aid Society
      Prisoners' Rights Project
      (212) 509-8433